**RECORD NO. 13-4538**

In The

# United States Court of Appeals

### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

## v.

## HEATHER DEYOUNG,

*Defendant – Appellant*.

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## AT SPARTANBURG

————————

## REPLY BRIEF OF APPELLANT

————————

Jill E.M. HaLevi
MEDIATION & LEGAL SERVICES, LLC
102 Broad Street, Suite C
Charleston, South Carolina  29401
(843) 819-0557

*Counsel for Appellant*

# <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

TABLE OF AUTHORITIES ...................................................................... ii

ARGUMENT ......................................................................................1

    I.     INTRODUCTION ..................................................................1

    II.    GOVERNMENT'S ARGUMENT IS FACTUALLY AND
            LEGALLY DEFICIENT AND SHOULD BE REJECTED ................1

         A.    Matters pertaining to the Statement of Facts .............................1

         B.    Matters pertaining to the plea hearing ........................................3

         C.    Matters pertaining to the fairness of the sentence.......................8

CONCLUSION ....................................................................................10

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

Gall v. United States,
    552 U.S. 38 (2007) .........................................................................8

McCarthy v. United States,
    394 U.S. 459, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969) ...................................3

Roccaforte v. Texas,
    2008 WL 4163182 (Tx. Ct. App. Sept. 10, 2008).........................................7

United States v. Campbell,
    295 F.3d 398 (3d Cir. 2002) ...........................................................5

United States v. Carter,
    564 F.3d 325 (4th Cir. 2009) ..........................................................8

United States v. Cotal–Crespo,
    47 F.3d 1 (1st Cir. 1995).........................................................3, 4, 5

United States v. Damon,
    191 F.3d 561 (4th Cir. 1999) .......................................................3, 6

United States v. Enamorado–Ramirez,
    423 Fed. Appx. 263 (4th Cir. 1991) .................................................4

United States v. Lessner,
    498 F.3d 185 (3d Cir. 2007) ..........................................................5

United States v. Martinez,
    277 F.3d 517 (4th Cir. 2002) .........................................................8

United States v. Olano,
    507 U.S. 725, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993) ...........................5

United States v. Parra-Ibanez,
    936 F.2d 588 (1st Cir. 1991) ............................................................6

United States v. Perrin,
    13-4352, 2014 WL 128707 (4th Cir. Jan. 15, 2014) ......................8

United States v. Stevens,
    223 F.3d 239 (3d Cir. 2000) ..........................................................5

**STATUTE**

18 U.S.C. § 3553(a) .................................................................................9

**RULE**

Fed. R. Crim. P. 11................................................................................3, 4

## ARGUMENT

**I.    INTRODUCTION.**

All previous arguments asserted in Appellant's Opening Brief are hereby reiterated and incorporated by reference.  Additionally, Appellant submits several arguments in reply to the assertions set forth within Appellee's Response Brief.

**II.    GOVERNMENT'S ARGUMENT IS FACTUALLY AND LEGALLY DEFICIENT AND SHOULD BE REJECTED.**

**A.    Matters pertaining to the Statement of Facts.**

In the Government's Response Brief asserting that Ms. DeYoung's sentence should be upheld, Appellee's Statement of Facts asserts that "Prescription passers recruited by Rhodes and DeYoung reported that the duo worked together in the creation of the prescriptions and the forging of physicians' signatures." Government's Response Brief, page 1.  Contrary to this assertion, there is no information in the record suggesting that DeYoung recruited anyone to participate in the conspiracy.  JA II 84-87.  Further, six of the eight witnesses whose interviews are summarized within the PreSentence Report named only co-defendants Rhodes and Balkind, *not DeYoung*, as the individuals who created the false prescriptions. JA II 84-87.

Ms. DeYoung was *not* an equal in the "duo" with Mr. Rhodes, as the Appellee's Statement of Facts strongly implies; the inequality of these parties is

- 1 -

detailed by statements *the prosecutor* made in this case. At the plea hearing, the prosecutor presented information to the Court portraying Ms. DeYoung as a drug addict and a low-level participant in the conspiracy to distribute drugs, in contrast to Mr. Rhodes and Mr. Balkind, who were the organizers of the conspiracy. JA 48. At the same time the prosecutor stated that "*because of her minor role* and the fact she has young children at home, the government would recommend to the court that she receive a sentence of 12 months' home confinement." JA 45-46 (emphasis added). At the sentencing hearing, despite Ms. DeYoung's having been incarcerated for a bond violation based upon a drug use relapse, the prosecutor's recommendation was still submitted to the Court (stated by Defense counsel, without objection from the Government). JA 65. When it was evident that the judge was not prepared to accept the recommendation, the prosecutor volunteered that he would not object to a reduction in the guidelines level if the judge found that appropriate. JA 72.

In sum, Ms. DeYoung was not a leader of this conspiracy, and this is a significant fact in this case. This was one of two reasons the prosecutor cited in recommending a probationary sentence for Ms. DeYoung. Mr. Rhodes was a leader, and the fact that the two co-defendants were sentenced to the same amount of time in prison is one of the many bases for seeking review of the sentence in this case.

- 2 -

**B.    Matters pertaining to the plea hearing.**

The purposes of the Federal Rules of Criminal Procedure Rule 11 colloquy are to "assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary" and to produce "a complete record at the time the plea is entered of the factors relevant to this voluntariness determination." United States v. Damon, 191 F.3d 561, 564 (4th Cir. 1999), *citing* McCarthy v. United States, 394 U.S. 459, 465, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969).  The process requires that "the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands" 15 separate aspects of the guilty plea process.  FCRP Rule 11.   In the instant case, the court did not personally address Ms. DeYoung as to all of these 15 required aspects, relying instead primarily on its written petition.

The Government in its Response has asserted that the plea colloquy requirements were met in this case because at the conclusion of the clerk's non-interactive recitation of the written guilty plea petition, the judge addressed Ms. DeYoung and gave her an opportunity to ask questions.  Government's Response Brief page 8.  In support of its position that a written petition is an acceptable, the Government has cited several cases, including United States v. Cotal–Crespo, 47

F.3d 1 (1st Cir. 1995)[1].  Significantly, in that case, the petition was approved in

part because:

> The trial court began by asking each defendant whether he had read
> and understood the petition questions, and whether he had consulted
> with his attorney regarding those questions and his answers. Each
> defendant answered in the affirmative. The court then asked the
> standard questions to determine whether the defendants were
> competent to plead and whether they were satisfied with their
> attorneys. The court asked each defendant whether he remembered
> reading and answering questions about his right to a jury trial and
> whether he understood that if he pleads guilty he will be found guilty
> without **7** a trial. The defendants responded in the affirmative to all
> these questions.

United States v. Cotal–Crespo, 47 F.3d 1, 6-7 (1st Cir. 1995).  None of these

preliminary interactions occurred in the instant case.  Additionally, in Cotal–

Crespo, the district court explained, and determined on the record, that the

defendants understood many of the "consequences" of their guilty pleas. *Id* at 7.

---

[1] The only Fourth Circuit case cited in support of this argument is unpublished
(United States v. Enamorado–Ramirez, 423 Fed. Appx. 263 (4th Cir. 1991).  It
does not provide enough detail to determine what exact exchange occurred
between the district court judge and the defendant, but it does appear that there was
more back-and-forth than in the instant case: "The record reveals that Enamorado–
Ramirez communicated with the district court through an interpreter and that he
assured the court that he understood the nature of the proceedings, the rights he
waived and the penalties he faced, and was satisfied with his attorney's
performance.  See United States v. Cotal–Crespo, 47 F.3d 1, 8 (1st Cir. 1995)
(holding that district court's use of written document, **in conjunction with
colloquy with defendant,** satisfied Rule 11)."  Enamorado-Ramirez at 264,
emphasis added.

In contrast to the facts set forth in <u>Cotal–Crespo</u>, in the instant case, Ms. DeYoung was never given an opportunity while in court before the judge – either before or during the reading of publication - to affirm or deny the Petition, and the sentencing judge never made a finding that the plea was knowing and voluntary. JA 28-52.  Thus while the district court *informed* Ms. DeYoung, through the clerk's publication of the Petition, of most (with some significant exceptions, as detailed *infra*) of the mandatory notifications, there were few *determinations of understanding* made by the judge, other than by the acceptance of the Petition and colloquy regarding the facts of the case.

The Government appears to recognize the possibility that the plea colloquy failures constituted plain error (Govt. Response Brief, page 10) but asserts that Appellant's failure to file a motion to withdraw her plea or to object to her sentence means that there was no evidence that Ms. DeYoung would have pled not guilty, and therefore – under the plain error standard of review[2] - this Court has no

---

[2] "Plain error exists only when (1) an error was committed (2) that was plain, and (3) that affected the defendant's substantial rights. <u>United States v. Stevens</u>, 223 F.3d 239, 242 (3d Cir. 2000). Even then, the decision to correct the error is discretionary. <u>United States v. Campbell</u>, 295 F.3d 398, 404 (3d Cir. 2002). A court of appeals should exercise its discretion "only if the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" <u>Stevens</u>, 223 F.3d at 242 (quoting <u>United States v. Olano</u>, 507 U.S. 725, 732, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993))." <u>United States v. Lessner</u>, 498 F.3d 185, 192 (3d Cir. 2007).

option but to approve the deficient proceedings.  However, in addition to the generally deficient plea colloquy as discussed *supra* (and within Appellant's Opening Brief), this case involves at least two very serious omissions within the plea colloquy:  (1) failure to fully understand and acknowledge any impact Ms. DeYoung's mental health status may have had on her ability to enter a voluntary and fully understanding plea, and (2) failure to ensure that Ms. DeYoung understood the meaning of the sentencing recommendation by the prosecutor. Each of these omissions affected Ms. DeYoung's substantial rights and seriously affects the fairness, integrity, or public reputation of judicial proceedings.

    **(1) Mental Health/ Medications.**  The failure to explore a defendant's use of medication that could affect her ability to understand and enter a knowing plea has been determined to constitute a basis for remand, particularly, where there is a known history of drug abuse, psychiatric treatment, and attempted suicide. <u>Damon</u> at 564-565, *citing* <u>United States v. Parra-Ibanez</u>, 936 F.2d 588 (1st Cir. 1991).  Counsel for Ms. DeYoung at the sentencing hearing stated that while out on bond, Appellant was being treated by a psychiatrist for depressive disorder and anxiety disorder.  JA 66. The Presentence Report indicated that as a condition of bond, Ms. DeYoung had been referred to two doctors, diagnosed with Depressive Disorder, Panic Disorder with Agoraphobia, and borderline Personality Disorder, had a

history of self-mutilation and thoughts of suicide, and was prescribed Seroquel and Zoloft. JAII 91-92. Yet the district court did not inquire as to medication or lack of medication that might be affecting Ms. DeYoung's understanding on the day of sentencing, which took place approximately 6 weeks after she was incarcerated for her drug use. During the entire plea hearing, the district court did not ask Ms. DeYoung any questions regarding her mental health status at all. Therefore, any failure on the part of Ms. DeYoung to raise questions at her plea hearing or object to her sentence can not be deemed knowing and intelligent, and her entry of the guilty plea can not be considered voluntary.

　　　**(2) Plea deal/recommendation and inability to withdraw plea.** The matter of the district court's insufficient advisement as to the non-binding nature of the plea deal/recommendation and the insufficient colloquy regarding inability to withdraw a plea post-sentencing was addressed thoroughly in Appellant's Opening Brief, at pages 8-10. The Government's Response Brief, in asserting that "[s]entencing recommendations are made frequently in federal court outside the context of a plea agreement between the parties", relies solely on a Texas State Court case, Roccaforte v. Texas, 2008 WL 4163182 at *2 (Tx. Ct. App. Sept. 10, 2008). Appellant rests on her argument relying on binding precedent (United States v. Martinez, 277

- 7 -

F.3d 517 (4th Cir. 2002), which establishes that plain error was committed. Appellant's Opening Brief, pages 8-10.

As for whether the plain error committed regarding failure to inform Ms. DeYoung as to the nature of the plea recommendation and her inability to withdraw the plea, Appellant relies on this Court's review of the "totality of the circumstances" in this case to determine that this error, as part of the cumulative error amassed during the plea hearing, both affects Ms. DeYoung's substantial rights and undermines the fairness, integrity, and public reputation of judicial proceedings.

**C.    Matters pertaining to the fairness of the sentence.**

The Government asserts, in its Response Brief, that "[t]he district judge could have simply stated that this was a typical case and he was imposing a Guidelines sentence." Government's Response Brief, page 14. This is an incorrect assessment of the law. See, e.g., United States v. Perrin, 13-4352, 2014 WL 128707 (4th Cir. Jan. 15, 2014), *relying on* Gall v. United States, 552 U.S. 38 (2007) and United States v. Carter, 564 F.3d 325 (4th Cir. 2009). Additionally, as for following the guidelines, Counsel for Ms. DeYoung requested, in the interest of avoiding disparity in treatment of Ms. DeYoung and her co-defendant, that the sentencing guidelines be reduced to 51-63 months. JA 67. This request was supported by the prosecutor but rejected without explanation by the sentencing judge. JA 72.

The Government acknowledges – as Appellant asserted – that, regarding the standard of review as to the sentencing issues, an abuse of discretion standard is appropriate in this case.   The disputed question is whether the district court's talismanic recitation of certain 18 U.S.C. § 3553(a) factors, failure to adequately explain his decision to reject the plea recommendation of 12 months' probation with house arrest, decision to "not treat [Ms. DeYoung] the same" as her co-defendant (who was granted a 2-level reduction) and instead to impose "the same thing" imposed on her *more culpable* co-defendant husband constitute an abuse of discretion.  JA 72.  In acknowledging that the judge did address certain 18 U.S.C. § 3553(a) factors, it is important to note that one of the factors *not* addressed at sentencing was that of mental health treatment; the sentencing judge discussed drug treatment but –as at the plea hearing- he did not even appear to recognize that there were serious mental health needs requiring treatment as well.  JA Appellant reiterates her assertion that despite the sentence being within the guidelines, this sentence was an abuse of discretion.  Appellant's Opening Brief, pages 12-19.

Appellee further argues that "[t]o the extent any error does exist, it is harmless" based on "fair assurance that the district court's more explicit consideration of the[sic] DeYoung's arguments would not have affected the sentence imposed."  Govt. Response Brief at 15-16.  Appellee then proceeds to argue against recusal, stating that there is "nothing in the record or elsewhere that

- 9 -

raises even the appearance of impartiality, much less actual bias or prejudice." *Id.* Both arguments are erroneous, as a review of the record reveals multiple instances of bias that compound the significance of the errors in sentencing and require that the sentence be vacated and the case remanded for consideration before a different sentencing judge.  Appellant's Opening Brief, pages 16-20.

## **<u>CONCLUSION</u>**

The Government's Response Brief contains factual and legal inaccuracies rendering unpersuasive its argument to uphold Ms. DeYoung's conviction and sentence.  Where a "minor role" defendant with a significant history of mental health ailments pleads guilty with a sentencing recommendation of 12 months' house arrest and is nonetheless sentenced to 70 months' imprisonment, this Court should scrutinize with extra care how such a plea hearing was conducted and the sentence imposed.  Once that review is conducted, it will be clear that Ms. DeYoung's conviction and sentence should be vacated and the case remanded for further proceedings consistent with this Honorable Court's decision.

Respectfully submitted,

/s/ Jill E.M. HaLevi

Jill E.M. HaLevi
MEDIATION & LEGAL SERVICES, LLC
102 Broad Street, Suite C
Charleston, South Carolina 29401
(843) 819-0557

ATTORNEY FOR APPELLANT
HEATHER DEYOUNG

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [ X ] this brief contains [*2,365*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [    ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

   [    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: <u>February 24, 2014</u>                    <u>/s/ Jill E.M. HaLevi      </u>
                                                                        *Counsel for Appellant*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 24th day of February, 2014, I caused this Reply

Brief of Appellant to be filed electronically with the Clerk of the Court using the

CM/ECF System, which will send notice of such filing to the following registered

CM/ECF users:

> William J. Watkins, Jr.
> OFFICE OF THE U.S. ATTORNEY
> 55 Beattie Place, Suite 700
> Greenville, South Carolina  29601
> (864) 282-2100
>
> *Counsel for Appellee*

I further certify that I caused the required copies of the Reply Brief of

Appellant to be hand filed with the Clerk of the Court.

/s/ Jill E.M. HaLevi
*Counsel for Appellant*
